UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| OBADIAH FRANCOIS | * | CIVIL ACTION |
| --- | --- | --- |
| VERSUS | * | NO. 18-10215 |
| THE CITY OF NEW ORLEANS | * | SECTION "J-3" |

\*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTFF'S CLAIMS PURSUANT TO FRCP 12(b)(1), 8 (a)(2), 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)[1]**

**MAY IT PLEASE THE COURT:**

Plaintiff filed this suit against the City of New Orleans seeking compensation and an expungement of his arrest for injuries allegedly sustained as a result of his arrest for obscene phone calls. Plaintiff claims to have been falsely arrested in violation of his constitutional rights.

Defendant, the City of New Orleans, respectfully submits that Plaintiff's Complaint should be dismissed for the following reasons: (1) Plaintiff failed to assert the basis for jurisdiction, and (2) likewise failed to assert a cause of action for which relief can be granted against the City of New Orleans under federal law.

Accordingly, defendant herein respectfully prays that Plaintiff's Complaint be dismissed as against the City of New Orleans.

**I.  BRIEF STATEMENT OF FACTS**

In Plaintiff's Complaint, he alleges that he was arrested on May 22, 2014 by the Gretna

---

[1] From the Court record, Plaintiff filed an Amended Complaint on November 8, 2018 (*see* Rec. Doc. 6) and such motion was granted on November 14, 2018 (*see* Rec Doc. 7). There is no indication that there was a summons returned executed for the City of New Orleans. After reviewing the Amended Complaint, the Complaint still does not rise to the level that Plaintiff will be entitled to relief on the face of the petition. Additionally, Orleans Parish Sheriff's Officer C. Rubio who is named in the Plaintiff's Amended Complaint, is not an individual that the City of New Orleans exercises any custody or control over and, therefore, is not someone that we will represent.

–1–

Police Department after a warrant was issued for his arrest by the Orleans Parish Sheriff's Office.[2] Accordingly, he was incarcerated in Jefferson Parish Correctional Center for six (6) months awaiting trial.[3] Plaintiff further alleges that on October 12, 2018, he was arrested again for the same offense based on the 2014 arrest warrant.[4] As a result of his second arrest, Plaintiff asserts several claims where he alleges that his constitutional rights were violated.[5] In particular, he vaguely attempts to allege claims under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.[6] In addition to those claims, the Plaintiff raises state law claims of false arrest, defamation, loss of employment, lost wages and property.[7] Consequently, Plaintiff seeks a demand of $550,000.00 in punitive damages and an expungement of his arrest.[8]

## II. LAW AND ARGUMENT

### A. LEGAL STANDARDS

#### 1. FRCP 12(b)(1)

Federal courts are courts of limited jurisdiction and a Plaintiff must satisfy the standards of subject matter jurisdiction first before a federal trial court will hear a case. The issue of whether a complaint states a basis for jurisdiction must be determined immediately, even before a court determines whether the complaint states a cause of action.[9] Indeed, "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[10]

"FRCP 12(b)(1) allows parties to seek dismissal of a case on the ground that the court lacks

---

[2] *See* Rec. Doc. 1, Plaintiff's Complaint, pg. 2.
[3] *See* Rec. Doc. 1, Plaintiff's Complaint, pg. 2.
[4] *See* Rec. Doc. 1, Plaintiff's Complaint, pg. 3.
[5] *See* Rec. Doc. 1, Plaintiff's Complaint, pg. 3.
[6] *See* Rec. Doc. 1, Plaintiff's Complaint, pg. 3.
[7] *See* Rec. Doc. 1, Plaintiff's Complaint, pg. 1, 2.
[8] *See* Rec. Doc. 1, Plaintiff's Complaint, pg. 3.
[9] *Bell v. hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).
[10] *Babineaux v. Garber*, 2018 WL 4938851 (W.D. La. 2018) (*citing Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

subject matter jurisdiction."[11] "A lack of subject matter jurisdiction may be found through: (1) the complaint alone; (2) the complaint along with undisputed facts evidenced in the record; or (3) the complaint along with undisputed facts and the court's resolution of any disputed facts."[12] "When a defendant files a Rule 12(b)(1) motion, the plaintiff, as the party asserting federal jurisdiction, bears the burden of establishing that the court has jurisdiction."[13] "When a party challenges the court's subject matter jurisdiction based only on the complaint, it is a 'facial attack,' and the court scrutinizes the pleadings, taking the allegations as true to determine whether the claimant has sufficiently alleged subject matter jurisdiction."[14] Thus, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[15]

### 2. FRCP 8(a)(2)

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides: A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.[16] When interpreting Rule 8(a), the Fifth Circuit has explained:

> "The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. 'Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."[17]

---

[11] *Babineaux*, 2018 WL 4938851 (W.D. La. 2018).
[12] *Ramirez v. Colvin*, 2016 WL 94145 (W.D. Tex. 2016) (*citing Mentis El Paso, LLP v. health Care Serv. Corp.*, 58 F.Supp. 3d 745, 759 (W.D. Tex. 2014) (*citing Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).
[13] *Babineaux v. Garber*, 2018 WL 4938851 (W.D. La. 2018) (*citing New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).
[14] *Id.* (*citing Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).
[15] *Id.* (*citing home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).
[16] *See* FRCP 8(a)(2).
[17] *Bailey v. Office of Unemployment Insurance Administration*, 2018 WL 2074185 (M.D. La. 2018) (*citing Lormand v. U.S. Unwire, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Thus, the standard remains that "the defendant be given adequate notice of the claim and the grounds upon which it is based."[18] Likewise, "[t]he standard is met by the 'reasonable inference' the court must make that, *with or without discovery*, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a 'reasonable expectation' that discovery will reveal relevant evidence of each element of the claim."[19]

### 3. FRCP 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[20] In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[21] But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true.[22] Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth.[23] "Assuming the veracity of the well-pleaded factual allegations, the Court must then determine 'whether they plausibly give rise to an entitlement to relief.'"[24]

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings" – that is, any documents attached to or incorporated in the plaintiff's complaint

---

[18] *Bailey*, 2018 WL 2074185 (M.D. La. 2018).
[19] *Id.* (*citing Lormand*, 565 F.3d at 257; *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. (Emphasis added).
[20] *Anthony v. School Board of Iberia Parish*, 692 F.Supp. 612, 257 Ed.Law Rep. 240 (W.D. La. 2010) (*citing Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).
[21] *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464 (5th Cir. 2004) (*quoting Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).
[22] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).
[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).
[24] *Id.*

that are central to the plaintiff's claim for relief.[25]

### 4. FRCP 28 U.S.C. § 1915(e)(2)(B)

When a Plaintiff is proceeding *in forma pauperis*, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2).[26] 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915(e)(2)(B)(ii) "provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious [or] if it fails to state a claim upon which relief may be granted..."[27]

"A complaint is frivolous when it 'lacks an arguable basis either in law or in fact.'"[28] "A claim lacks an arguable basis in law when it is 'based on an indisputably meritless legal theory.'"[29]

Furthermore, "[a] compliant fails to state a claim upon which relief may be granted when it fails to plead 'enough facts to state a claim to relief that is plausible on its face.'"[30] "Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint."[31] "Nevertheless, a district court is **bound by the allegations in a plaintiff's complaint** and is **'not free to speculate that the plaintiff 'might' be able to state a claim** if given yet another opportunity to add more facts to the complaint."[32]

### B. Plaintiff's claims should be dismissed pursuant to FRCP 12(b)(1) because this Court lacks federal subject matter jurisdiction.

#### 1. Plaintiff's claims should be dismissed pursuant to FRCP 12(b)(1) because his claims, on its face, assert conclusory allegations that do not give rise to federal

---

[25] *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (*citing Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5thCir. 2000)).
[26] *See McLaughlin v. Lee*, 2018 WL 4926341 (W.D. La. 2018); *see also* 28 U.S.C. § 1915(e)(2)(B).
[27] *Id*.; *see also* 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915(e)(2)(B)(ii).
[28] *Id*. (*citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[29] *Id*. (*citing Neitzke* at 327).
[30] *Id*. (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[31] *Id*.
[32] *Id*. (*citing Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994) (Emphasis added).

–5–

*subject matter jurisdiction.*

In the case *sub judice*, this Honorable Court lacks the statutory and constitutional power to adjudicate Plaintiff's claims. In *Carpenter v. Redmon Funeral Home*, the Court dismissed the plaintiffs' claims because they "failed to describe, in either the original complaint or the amended complaint, a federal constitutional or statutory – violation *or any facts from which such a violation might reasonably be inferred*."[33] Here, when viewing Plaintiff's allegations as a whole, Plaintiff solely asserts conclusory factual allegations that do not state enough substance for this Court to reasonably infer whether a constitutional violation, in fact, occurred.[34] Indeed, Plaintiff does not make clear who or what state actors he is lodging his claims against, if any. Rather, Plaintiff asserts blanket allegations that are insufficient to give the Court the authority to exercise its jurisdictional power.

In particular, plaintiff in conclusory style attempts to raise **(1)** a 4th Amendment violation due to an unlawful search and seizure, as well as, an allegation of false arrest; **(2)** a 5th Amendment violation as it relates to the "execution" of his 2018 arrest with a "prescribed warrant;" **(3)** a 6th Amendment violation of his right to counsel and a speedy trial; and, lastly, **(4)** a 14th Amendment Due Process violation resulting from his "denied access to the court."[35] As exhibited by these conclusory allegations, the defendant avers that the plaintiff asserts insufficient facts that would allow this Court to reasonably infer that a constitutional violation actually occurred.

Thus, Plaintiff's allegations are not sufficient to invoke this Honorable Court's jurisdictional power as to his federal claims and, therefore, his claims should be dismissed

---

[33] *Carpenter v. Redmon Funeral Home*, 2018 WL 3966983 (N.D. Miss. 2018) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Rodriguez v. Texas Comm'n on the Arts*, 199 F.3d 279 (5th Cir. 2000); *Baldwin v. Pirelli Armstrong Tire Corp.*, 927 F.Supp. 1046, 1053 (M.D. Tenn. 1996) (Emphasis added).
[34] *See* Rec. Doc. 1, Plaintiff's Complaint.
[35] *See* Rec. Doc. 1, Plaintiff's Complaint, pg. 3.

pursuant to FRCP 12(b)(1).

### 2. *This Court lacks federal subject matter jurisdiction over Plaintiff's state law claims.*

It is well established that "[f]ederal courts are courts of limited jurisdiction."[36] "Generally, federal courts cannot exercise jurisdiction over state court matters."[37] "Only state-court actions that originally could have been filed in federal court may be removed to federal court."[38] Here, plaintiff raises several claims against the defendant, such as: **(1)** false arrest, **(2)** defamation, **(3)** loss of employment and **(4)** lost wages and property.[39] However, Plaintiff failed to assert this court's jurisdiction over these claims as it is unclear whether he is asserting these claims under federal or state law. Hence, because this Honorable Court does not have jurisdiction over Plaintiff's federal claims as discussed *supra*, this Court cannot exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims.

Therefore, because plaintiff asserts state law claims that will not give rise to this Honorable Court's federal jurisdictional power, Plaintiff's state law claims should also be dismissed pursuant to FRCP 12(b)(1).

### C. Plaintiff's claims should be dismissed pursuant to FRCP 8(a)(2) and FRCP 12(b)(6).

Even if this Honorable Court deems Plaintiff has sufficiently invoked the Court's jurisdiction, Plaintiff's claims should be dismissed pursuant to FRCP 8(a)(2) and FRCP 12(b)(6). The United States Supreme Court has instructed that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."[40]

---

[36] *Carpenter v. Redmon Funeral Home*, 2018 WL 3966983 (N.D. Miss. 2018) (*citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)); *See also* 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1332.
[37] *Id.*
[38] *Id.* (*citing Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).
[39] *See* Rec. Doc. 1, Plaintiff's Complaint, pg. 2.
[40] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

In this case, Plaintiff simply raises several *naked* assertions that his Fourth, Fifth, Sixth and Fourteenth Amendment rights were violated without providing a factual basis for such.[41] In fact, the Complaint contains vague and conclusory allegations that this Court must not accept as fact, and which merely contend that the defendant is indebted to plaintiff for irreparable harm. Additionally, Plaintiff failed to assert any facts to support his claims for false arrest, defamation, loss of employment, and lost wages and property.[42] Hence, Plaintiff merely offers vague claims that his constitutional rights were violated, in which the defendant is unable to defend against when it is unclear as to what exactly was violated. Thus, these allegations do not plausibly give rise to an entitlement to relief.

Moreover, Plaintiff's complaint is void of any facts relative to the City of New Orleans' involvement. Indeed, the only definitive mention of the City of New Orleans is in the caption,[43] which is insufficient and not in compliance with FRCP 8(a)(2). As a result of these naked assertions, the City is left to guess what claims, if any, are being asserted against it.

Accordingly, the City of New Orleans does not have adequate and sufficient notice of the claims that are being asserted against it by the Plaintiff.[44] Thus, the complaint should be dismissed pursuant to FRCP 12(b)(6) and FRCP 8(a)(2).

### D. **Plaintiff's claims should also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).**

Lastly, the Plaintiff's Complaint should be subjected to screening under FRCP 28 U.S.C. § 1915(e)(2)(B) as an *in forma pauperis* litigant.[45] As the defendant has explained *supra*, plaintiff fails to state a claim upon which relief may be granted.[46] The defendant avers that

---

[41] *See* Rec. Doc. 1, Plaintiff's Complaint, pg. 3. (Emphasis added).
[42] *See* Rec Doc. 1, Plaintiff's Complaint, pg. 2.
[43] *See* Rec. Doc. 1, Plaintiff's Complaint, pg. 1; *see also* Rec. Doc. 6, Plaintiff's Amended Complaint.
[44] *See Bailey*, 2018 WL 2074185 (M.D. La. 2018).
[45] *See* Rec. Doc. 2, Plaintiff's Application to Proceed in District Court without Pre-Paying Fees or Costs, pg. 1-2; *see also* Rec. Doc. 3, Court's Order Granting Plaintiff's Application to Proceed *In Forma Pauperis*.
[46] *See McLaughlin v. Lee*, 2018 WL 4926341 (W.D. La. 2018); *see also* FRCP § 1915(e)(2).

plaintiff solely makes conclusory allegations without any factual support throughout his entire complaint. Claims such as these are not permitted by 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, because the City is unclear as to what claims, if any, are being brought against it, the Plaintiff's Complaint is frivolous and should, thus, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). There is no arguable basis regarding the facts of Plaintiff's claims.

Accordingly, because Plaintiff's *in forma pauperis* Complaint asserts conclusory allegations and does not make clear any culpability on behalf of the City, his claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**WHEREFORE,** Defendant herein respectfully prays that the Plaintiff's Complaint be dismissed with prejudice and at Plaintiff's cost pursuant to FRCP 12(b)(1), FRCP 8(a)(2), FRCP 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B). Defendant further prays for all attorney's fees and all cost associated with the bringing of this motion, which was not necessary.

    **Respectfully submitted,**

/s/ Megan A. Haynes_____
**MEGAN A. HAYNES, LSB #37158**
ASSISTANT CITY ATTORNEY
**ISAKA R. WILLIAMS, LSB# 29704**
ASSISTANT CITY ATTORNEY
**CORWIN ST. RAYMOND, LSB #31330**
DEPUTY CITY ATTORNEY
**CHURITA H. HANSELL, LSB #25694**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB# 23338**
SR. CHIEF DEPUTY CITY ATTORNEY
**SUNNI J. LEBEOUF, LSB # 28633**
CITY ATTORNEY
1300 PERDIDO STREET, ROOM 5E03
NEW ORLEANS, LOUISIANA 70112
Tel: (504) 658-9800
Fax: (504) 658-9868

*Counsel for the City of New Orleans*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been sent to all counsel of record, placing same in the United States Mail, by facsimile, hand delivery or by e-mail delivery this **18th** day of **January 2019**.

**/s/ Megan A. Haynes**
  **MEGAN A. HAYNES**